1    **UNITED STATES DISTRICT COURT**

2    **DISTRICT OF NEVADA**

3

4    Scott Allen Kevari,

5        Petitioner                                          **2:14-cv-01143-JAD-NJK**

6    v.                                              **Order Denying Petition, Denying
                                                      Certificate of Appealability, and
7    D.W. Neven, *et al.*,                                       Closing Case**

8        Respondents

9

10         Nevada state prisoner Scott Allen Kevari brings this § 2254 petition to challenge his Nevada

11   state conviction and life sentence for burglary.  Kevari asserts three ineffective-assistance-of-counsel

12   claims and a claim that his sentence violates the Eighth Amendment's prohibition against cruel and

13   unusual punishment.  I deny Kevari's petition, decline to issue a certificate of appealability, and

14   direct the Clerk of Court to close this case.

15                                      **Background**

16         In February 2009, Kevari was charged with one count of grand larceny of a motor vehicle,

17   two counts of burglary, and one count of uttering a forged instrument.[1]  Five months later, Kevari

18   pleaded guilty to a single burglary count; the remaining counts were dismissed.  Kevari's plea was a

19   package deal with another criminal case against him, in which he pleaded no contest to a single

20   burglary charge and multiple other charges were dismissed.[2]

21         On August 19, 2009, the sentencing court adjudicated Kevari a habitual criminal and

22   sentenced him to life in prison without the possibility of parole for his burglary conviction in the

23

24

25
     _____

26   [1] *See* Criminal Complaint, Ex. 2 (ECF No. 16-2); Amended Criminal Complaint, Ex. 3 (ECF No. 16-
     3).
27
     [2] ECF No. 16-7 at 4–5; *see* transcript of proceedings, July 1, 2009, Ex. 8 at 23–27 (ECF No. 16-9 at
28   24–28).

February 2009 case under Nevada's habitual-criminal sentencing statute.[3]  The judgment of conviction was filed two days later.[4]  Kevari appealed,[5] and the Nevada Supreme Court affirmed.[6]

In December 2010, Kevari filed a motion to correct illegal sentence in the state district court;[7] the court denied his motion.[8]  Kevari appealed,[9] and the Nevada Supreme Court dismissed his appeal as untimely[10] and denied rehearing.[11]

In May 2011, Kevari filed a habeas petition in the state district court.[12]  The state court dismissed the petition in June 2012;[13] Kevari appealed,[14] and the Nevada Supreme Court affirmed on September 18, 2013.[15]  The Nevada Supreme Court later separately denied rehearing[16] and en banc

---

[3] *See* Transcript of Proceedings, Sentencing, August 19, 2009, Ex. 10 (ECF No. 16-10, 25–26). Kevari was sentenced to a concurrent term of 4–10 years in prison in his other burglary case.  Ex. 10 at 24 (ECF No. 16–10 at 25).

[4] *See* Judgment, Ex. 11 (ECF No. 16-11).

[5] *See* Notice of Appeal, Ex. 13 (ECF No. 16-13); Appellant's Opening Brief, Ex. 17 (ECF No. 16-17).

[6] *See* Order of Affirmance, Ex. 21 (ECF No. 16-21).

[7] *See* Motion for Correction of Illegal Sentence, Ex. 23 (ECF No. 16-23).

[8] *See* Order Denying Defendant's Motion for Correction of Illegal Sentence, Ex. 26 (ECF No. 16-26).

[9] *See* Notice of Appeal, Ex. 37 (ECF No. 17-6).

[10] *See* Order Dismissing Appeal, Ex. 41 (ECF No. 17-10).

[11] *See* Order Denying Rehearing, Ex. 44 (ECF No. 17-13).

[12] *See* Petition for Writ of Habeas Corpus, Ex. 30 (ECF No. 16-30).

[13] *See* Order Granting Motion to Dismiss, Ex. 38 (ECF No. 17-7).

[14] *See* Notice of Appeal, Ex. 40 (ECF No. 17-9); Notice of Appeal, Ex. 43 (ECF No. 17-12); Appellant's Opening Brief, Ex. 46 (ECF No. 17-15).

[15] *See* Order of Affirmance, Ex. 49 (ECF No. 17-18).

[16] *See* Order Denying Rehearing, Ex. 53 (ECF No. 17-22).

1  reconsideration.[17]

2      Kevari initiated this federal habeas proceeding on July 11, 2014.[18]  I appointed the Federal

3  Public Defender to represent Kevari,[19] and Kevari then filed a counseled, amended petition.[20]  In his

4  first-amended petition, Kevari asserts four grounds for relief: three ineffective-assistance-of-counsel

5  claims and a single Eighth Amendment claim.

6                                     **Discussion**

7  **A.      Standard for habeas relief under 28 U.S.C. § 2254(d)**

8      A federal court may not grant an application for a writ of habeas corpus on behalf of a person

9  in state custody on any claim that was adjudicated on the merits in state court unless the state-court

10 decision (1) was contrary to, or involved an unreasonable application of, clearly established federal

11 law or (2) was based on an unreasonable determination of the facts in light of the evidence presented

12 in the state-court proceeding.[21]  In making this determination, federal courts look to the last reasoned

13 state-court decision.[22]  "Where there has been one reasoned state judgment rejecting a federal claim,

14 later unexplained orders upholding that judgment or rejecting the same claim rest upon the same

15 ground."[23]  To the extent no reasoned opinion exists, courts must independently review the record to

16 determine whether the state court clearly erred in its application of controlling federal law or whether

17 the state court's decision was objectively unreasonable.[24]

18 _____

19 [17] *See* Order Denying En Banc Reconsideration, Ex. 58 (ECF No. 17-27).

20 [18] *See* Petition for Writ of Habeas Corpus (ECF No. 6).

21 [19] ECF No. 5.

22 [20] ECF No. 15.

23 [21] 28 U.S.C. § 2254(d).

24 [22] *Smith v. Hedgpeth*, 706 F.3d 1099, 1102 (9th Cir. 2013), *cert. denied* 133 S.Ct. 1831 (2013).

25 [23] *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

27 [24] *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000); *see also Harrington v. Richter*, 562 U.S. 86,
28 98 (2011) (holding that "[w]here a state court's decision is unaccompanied by an explanation, the
   habeas petitioner's burden still must be met by showing there was no reasonable basis for the state

**B.    Ineffective assistance of counsel under 28 U.S.C. § 2254(d)**

In *Strickland v. Washington*,[25] the United States Supreme Court established a two-prong test for ineffective-assistance-of-counsel claims. A petitioner must show (1) that the defense attorney's representation "fell below an objective standard of reasonableness" and (2) that the attorney's deficient performance prejudiced the defendant so severely that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[26]  If a state court has adjudicated a claim of ineffective assistance of counsel, federal habeas courts ask only "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."[27] Kevari has not met his burden for any of his ineffective-assistance-of-counsel claims.

**C.    Kevari's ineffective-assistance-of-counsel claims (grounds 1A, 1B, and 1C) fail.**

***1. Ground 1A: failure to ensure that Kevari understood the consequences of pleading guilty***

In ground 1A, Kevari asserts that his trial counsel was constitutionally ineffective for failing to ensure that he understood the consequences of his guilty plea. The Nevada Supreme Court rejected a similar claim on appeal in Kevari's state habeas action, finding that Kevari failed to show that his attorney's performance was deficient or that he was prejudiced as a result. The court reasoned that, during the plea canvass, the state informed Kevari that he could be sentenced to life without the possibility of parole. And although the state agreed to recommend a sentence of no more than 10–25 years, Kevari was informed by both the plea canvass and plea agreement that the court was not bound by the parties' recommendations and could impose any lawful sentence.[28]  Kevari also affirmatively acknowledged that his decision to plead guilty was not based on any promises not contained in the

---

court to deny relief.").

[25] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[26] *Id.* at 694.

[27] *Harrington*, 562 U.S. at 105; *see also Cheney v. Washington*, 614 F.3d 987, 994–95 (9th Cir. 2010) (acknowledging double deference required for state court adjudications of *Strickland* claims).

[28] Order of Affirmance, Ex. 49 at 2–3 (ECF No. 17-18 at 3–4).

1  written plea agreement.[29]

2       Because the record reflects that Kevari understood the consequences of his guilty plea,[30] there

3  is plainly a "reasonable argument that counsel satisfied *Strickland*'s deferential standard," so Kevari

4  is not entitled to federal habeas relief on this ground.

5            **2. Ground 1B: failure to file a motion to withdraw guilty plea**

6       Kevari next claims that his trial counsel was constitutionally ineffective "for failing to file a

7  motion to withdraw Kevari's guilty plea when it became apparent Kevari did not understand the

8  consequences of his plea."[31]  Kevari raised a similar argument on direct appeal in his state habeas

9  action, arguing that his trial counsel was ineffective for failing to consult with him before sentencing

10  and inform him that the state had filed a notice of intent to seek habitual-criminal sentencing and that,

11  had he been informed of the notice, he might have filed a pre-sentence motion to withdraw his guilty

12  plea.  The Nevada Supreme Court rejected this argument, finding that Kevari failed to demonstrate

13  prejudice because he was informed both in his plea agreement and during the plea canvass that the

14  state might seek habitual-criminal treatment.  Thus, Kavari could not show that being informed that

15  the state filed a notice to seek that treatment would have formed a valid basis to withdraw his guilty

16  plea.[32]

17       Because the record reflects that Kevari understood before pleading guilty that the state could

18  seek habitual-criminal sentencing and thus he could not withdraw his guilty plea on that basis, there is

19  a reasonable argument that counsel satisfied *Strickland* and Kevari is not entitled to federal habeas

20  _____

21  [29] *Id.*

22  [30] *See* Guilty Plea Memorandum, Ex. 7 at 3 (ECF No. 16-7 at 4) (stating that the state may pursue a
    habitual-criminal sentencing enhancement); *id*. at 3, 5 (ECF No. 16-7 at 4, 6) (stating that the state
23  would "cap any recommendation at 10 to 25 under that enhancement" and that "the Court is not
    bound by the agreement of the parties and . . . the matter of sentencing is to be determined solely by
24  the Court."); Transcript of Proceedings, July 1, 2009, Ex. 8 at 15–17, 20–22 (ECF No. 16-8 at
    16–18, 21–23) (state prosecutor explaining that if the judge imposes the habitual-criminal sentencing
25  enhancement, Kevari could be sentenced to life in prison without the possibility of parole and Kevari
26  affirming his understanding).

27  [31] ECF 15 at 10.

28  [32] Order of Affirmance, Ex. 49 at 2 (ECF No. 17-18 at 3).

1   relief on this basis.

2       ***3. Ground 1C: failure to investigate and present mitigating evidence at sentencing***

3       In ground 1C, Kevari claims that his trial counsel was constitutionally ineffective for failing to

4   present mitigating evidence at his sentencing hearing.  The Nevada Supreme Court rejected a similar

5   claim on direct appeal in Kevari's state habeas action, concluding that Kevari's assertion that his trial

6   counsel failed to present mitigating evidence about his drug addiction and character was belied by the

7   record because counsel did present mitigating evidence on these topics.[33]

8       There is a reasonable argument that counsel satisfied *Strickland* by presenting mitigating

9   evidence at sentencing.  During sentencing, defense counsel specifically told the sentencing judge that

10  Kevari suffered from a drug problem and asked the judge to keep that in mind during sentencing.[34]

11  Both the prosecutor and parole and probation agreed with defense counsel that Kevari suffered from

12  drug addiction,[35] and Kevari made a statement in which he spoke at length about his struggles with

13  drugs.[36]  Because the record shows that Kevari's trial counsel presented mitigating evidence about his

14  drug use at sentencing, there is a reasonable argument that counsel satisfied *Strickland*, and Kevari is

15  not entitled to federal habeas relief on this basis.

16  **D.   Kevari's cruel-and-unusual-punishment claim (ground two) also fails.**

17      Kevari argues that his sentence of life imprisonment without the possibility of parole violates

18  the Eighth Amendment's prohibition of cruel and unusual punishment.  The Nevada Supreme Court

19  rejected this claim on direct appeal, reasoning that Kevari did not challenge the constitutionality of

20  Nevada's habitual-criminal statute (which makes no special allowance for non-violent crimes or for

21  the remoteness of convictions) and that the court was not convinced that Kevari's sentence was "so

22

23

---

24  [33] Order of Affirmance, Ex. 49 at 3–4 (ECF No. 17-18 at 4–5).

25
26  [34] *See*, *e.g.*, Transcript of Proceedings, Sentencing, August 19, 2009, Ex. 10 at 9 (ECF No. 16-10 at 10).

27  [35] *Id*. at 11 (ECF No. 16-10 at 12); *see id.* at 18 (ECF No. 16-10 at 19).

28  [36] *Id*. at 22 (ECF No. 16-10 at 23).

1  grossly disproportionate to the offense as to shock the conscience."[37]

2    "[T]he Eighth Amendment does not require strict proportionality between crime and sentence.

3  Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime."[38]  The

4  Supreme Court has instructed that "[o]utside the context of capital punishment, successful challenges

5  to the proportionality of particular sentences [will be] exceedingly rare,"[39] and it has consistently

6  upheld lengthy sentences under habitual-offender statutes even when the current offense of conviction

7  would not ordinarily allow for such a sentence.[40]  In light of this precedent, the state court's decision

8  was not contrary to clearly established federal law or based on an unreasonable determination of the

9  facts in light of the evidence presented, so Kevari is not entitled to federal habeas relief under the

10  Eighth Amendment.

11  **E.  I decline to issue a certificate of appealability.**

12    To obtain a certificate of appealability, a petitioner must make "a substantial showing of a

13  denial of a constitutional right"[41] by showing that "reasonable jurists would find the district court's

14  assessment of the constitutional claim debatable or wrong."[42]  To meet this threshold inquiry, the

15  petitioner must demonstrate that the issues are debatable among jurists of reason, a court could

16  resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed

17

18  _____

19  [37] Order of Affirmance, Ex. 21 at 2 (ECF No. 16-21 at 3).

20  [38] *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring ) (quoting *Solem v.*
21  *Helm*, 463 U.S. 277, 288 (1983)); *see also Lockyer v. Andrade*. 538 U.S. 63, 72 (2003).

22  [39] *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

23  [40] *See Lockyer*. 538 U.S. at 77 (2003) (upholding two consecutive 25 years to life sentences under
24  California's Three Strikes Law following convictions for stealing video tapes); *Harmelin*, 501 U.S.
25  at 995 (upholding sentence of life without the possibility of parole for possession of 672 grams of
26  cocaine); *but see Solem*, 463 U.S. at 302 (sentence of life imprisonment without the possibility of
   parole imposed upon defendant who was convicted of uttering "no account" check for $100 and who
   had three prior convictions was disproportionate under the Eighth Amendment).

27  [41] 28 USC § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

28  [42] *Slack*, 529 U.S. at 484.

further.[43]  Because no reasonable jurist would find my conclusions debatable or wrong, I decline to issue Kevari a certificate of appealability.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **Kevari's first-amended petition [ECF No. 15] is DENIED, and I decline to issue a certificate of appealability.**

The Clerk of Court is instructed to enter judgment accordingly and CLOSE THIS CASE.

Dated this 12th day of July, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[43] *Id.*